UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 15-10117-PBS |
| v. | ) | |
| | ) | |
| ANDREW S. GORDON, | ) | |
| Defendant. | ) | |

<u>GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS</u>

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  The government reserves its right to supplement or modify these requested instructions in light of the requests filed by the defendant and the evidence in the case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ David G. Tobin
      DAVID G. TOBIN
      RACHEL HEMANI
      Assistant U.S. Attorneys

## TABLE OF CONTENTS

Duties of the Jury.................................................1

Nature of Indictment -- Presumption of Innocence................2

Preliminary Statement of Elements of Crime......................3

Evidence; Objections; Rulings; Bench Conferences...............4

Credibility of Witnesses........................................7

Conduct of the Jury.............................................8

Outline of the Trial. . . . . . . . . . . . . . . . . .   10

Stipulations...................................................12

Variance -- Dates..............................................13

Direct and Circumstantial Evidence.............................14

Reasonable Consideration.......................................16

Use of Tapes and Transcripts . . . . . . . . . . . . . . .  17

Burden of Proof................................................18

Intent.........................................................19

Motive.........................................................20

Use of Interstate Commerce Facilities in the Commission

    of Murder-for-Hire.........................................21

Use of Interstate Commerce Facilities in the Commission

    of Murder-for-Hire.........................................22

Use of Interstate Commerce Facilities..........................23

Use of Interstate Commerce Facilities..........................25

Use of Interstate Commerce Facilities..........................26

Intent that Murder be Committed................................27

Pecuniary Value...............................................28

Pecuniary Value...............................................29

Expert Witness................................................30

Submitting the Indictment.....................................32

Punishment....................................................33

Foreperson's Role; Unanimity..................................34

Consideration of Evidence.....................................35

Reaching Agreement............................................36

Return of Verdict Form........................................38

Communication with the Court..................................39

**Proposed Instruction**

**Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

1

**Proposed Instruction**

**Nature of Indictment -- Presumption of Innocence**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys David Tobin and Rachel Hemani.  The defendant, Andrew Gordon, is represented by Robert Sheketoff.

The defendant has been charged by the government with violations of federal law.  He is charged with two counts of use of interstate commerce facilities in the commission of murder-for-hire.

The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges against him and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

2

**Proposed Instruction**

**Preliminary Statement of Elements of Crime**

The defendant has been charged by the government with violations of federal law.  Specifically, he has been charged with two counts of use of interstate commerce facilities in the commission of murder-for-hire.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

3

**Proposed Instruction**

**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

4

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

**Proposed Instruction**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

7

**Proposed Instruction**

**Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.   "Anyone else" includes members of your family and your friends.   You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.   If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.   If any lawyer, party

8

or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**Proposed Instruction**

**Outline of the Trial**

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

10

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.   I just told you that the opening statements by the lawyers are not evidence.   The same applies to the closing arguments. They are not evidence either.   In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

11

## Proposed Instruction

### Stipulations

Throughout the trial the parties have stipulated one or more facts.   This means that both parties agree on the existence of those facts.   You should therefore treat those facts as having been proven.

**Proposed Instruction**

**Variance -- Dates**

You will note that Count One of the indictment charges that certain conduct occurred "on or about February 18, 2015;" and Count Two of the indictment charges certain conduct "on or about March 28, 2015."  It does not matter if the indictment charges that specific acts occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, 53-12 (1990).

<u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 949 (1974).

**Proposed Instruction**

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  Inferences are deductions on conclusions

14

which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.  In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

L. B. Sand, <u>Modern Federal Jury Instruction: Criminal</u>, ¶5-2 (1990).

15

**Proposed Instruction**

**Reasonable Consideration**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.   You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

**Proposed Instruction**

**Use of Tapes and Transcripts**

At this time you are going hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have transcripts to read along as the tapes are played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, § 2.08, 1998.

This instruction is based upon a trial court instruction approved in <u>United States v. Mazza</u>, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

17

**Proposed Instruction**

**Burden of Proof**

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt.  The government is not required, however, to prove the defendant guilty beyond all possible doubt.  Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.  The law does not require a defendant to prove his innocence or to produce any evidence.

United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984); United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

18

**Proposed Instruction**

**Intent**

To act with intent refers to a mental condition or state of mind. Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there.   Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances.   In this connection you may consider any actions undertaken by a defendant and any statements made by her and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, Federal Jury Practice and Instructions, §§14.13 (3d ed. 1977).

19

**Proposed Instruction**

**Motive**

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.11 (3d ed. 1977).

20

**Proposed Jury Instruction**

**Use of Interstate Commerce Facilities
in the Commission of Murder-for-Hire**

Counts One and two Two of the Indictment each charge that:  On or about a certain date, that date in Count One is February 18, 2015 and in Count two that date is March 28, 2015, at or near Billerica, in the District of Massachusetts, Andrew S. Gordon did knowingly and intentionally use and cause another to use a facility in interstate and foreign commerce, with intent that the murder of John Doe 1 and John Doe 2 be committed in violation of the laws of the Commonwealth of Massachusetts as consideration for a promise or agreement to pay anything of pecuniary value.  All in violation of Title 18, United States Code, Section 1958(a).

**Proposed Jury Instruction**

**Use of Interstate Commerce**
**Facilities in the Commission of Murder-for-Hire**

"[T]he murder-for-hire statute makes it unlawful to use or cause another person to use 'any facility in interstate or foreign commerce, with intent that a murder be committed . . . as consideration for . . . anything of pecuniary value.'"  United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996) (quoting statute).

Andrew Gordon is charged in the two counts of the Indictment with using, or causing another person to use, a facility in interstate or foreign commerce, with intent that the murder of John Doe 1 and John Doe 2 be committed.  For you to find Andrew Gordon guilty of these crimes, you must be satisfied that the government has proven each of the following things:

(1) that Andrew Gordon used, or caused another to use, a facility in interstate commerce -- in this case, the United States Mail;

(2) that the use of an interstate facility was done with the intent that a murder be committed; and

(3) that the murder was intended to be committed in exchange for the receipt of or promise to pay anything of pecuniary value.

United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996); United States v. Gilbert, 181 F.3d 152 (1st Cir.1999); United States v. Richeson, 338 F.3d 653, 656-58 (7th Cir.2003); United States v. Marek, 238 F.3d 310, 318 (5th Cir. 2001) (en banc); 3 L. Sand, et al., Modern Federal Jury Instructions, ¶ 60.02, Form Instruction 60-14 (2001).

22

**Proposed Jury Instruction**

**Use of Interstate Commerce Facilities**

The first element, using a facility in interstate commerce, is a jurisdictional element.  That is, the use of a facility in interstate commerce is an essential element of a murder-for-hire because it justifies federal jurisdiction.

Facilities in interstate commerce include the United States Mail.  The use of the United States Mail is sufficient to establish the use of an interstate commerce facility because the United States Mail is itself a facility of interstate commerce.  That is, if you find that Andrew Gordon used the United States Mail, or caused another to do so, with the intent that the use of the United States mail further or assist a murder-for-hire, then that it is sufficient to satisfy the interstate commerce element of the statute.

United States v. Gilbert, 181 F.3d 152 (1st Cir.1999) (intrastate telephone call to make a bomb threat sufficient to sustain jurisdiction under the commerce clause); United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996); United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003) (sufficient to sustain jurisdiction under § 1958 if defendant used an interstate facility, such as a telephone, in an intrastate fashion); United States v. Marek, 238 F.3d 310, 318 (5th Cir. 2001) (en banc) (in murder-for-hire statute, use of phrase "in interstate or foreign commerce" modifies "facility" and not "use," so that even intrastate use of any facility of interstate commerce will satisfy jurisdictional element of statute); United States v. Weathers, 169 F.3d 336, 341 (6th Cir.1999) (defendant's use of his cellular telephone in murder-for-hire scheme satisfied interstate commerce jurisdictional requirement of federal murder-for-hire statute); United States v. Clayton, 108 F.3d 1114, 1117 (9th Cir.1997) (use of cellular telephone satisfied interstate commerce requirement in analogous statute; United States v. Kunzman,

23

54 F.3d 1522, 1527 (10th Cir.1995) ("As long as the instrumentality used is itself an integral part of an inter-state system, Congress may regulate intrastate activities involving the use of the instrumentality.").

**Proposed Jury Instruction**

**Use of Interstate Commerce Facilities**

"There is no requirement that the use of the interstate facilities be essential to the scheme:  it is enough that the . . . use of interstate facilities makes easier or facilitates the unlawful activity." United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996) (quoting United States v. Arruda, 715 F.2d 671 (1st Cir.1983)).

"[Section] 1958 requires only that the interstate facility employed in a particular case be useful, not integral, to the commission or planning of the contract killing." United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003).

It is not necessary that furtherance of the commission of the murder be the sole reason for the use of the interstate facility, provided it is one of the reasons. United States v. Weathers, 169 F.3d 336,344 (6th Cir.1999).


United States v. Lozano, 839 F.2d 1020, 1022 (4th Cir.1988); United States v. Smith, 789 F.2d 196, 203 (3d Cir.1986).  See also United States v. Houlihan, 92 F.3d 1271, 1292 (1st Cir.1996) ("In interpreting 18 U.S.C. § 1958, it is entirely appropriate to look to case law construing the Travel Act, 18 U.S.C. § 1952.").

25

## Proposed Jury Instruction

## Use of Interstate Commerce Facilities

The statute does not require that the third element -- the agreement to pay something of pecuniary value in exchange for the murder -- exist at the time that the interstate commerce facility was used to facilitate or further the murder. That is, it is sufficient if the agreement to pay something of pecuniary value in exchange for the murder of John Doe 1 or John Doe 2 came before or after Andrew Gordon's use of an interstate commerce facility to further or assist commission of the murder.

United States v. Wicklund, 114 F.3d 151, 154 (10th Cir.1997)("this language is consistent with our reading of § 1958 as criminalizing payment made either before or after the murder, because both circumstances describe a mutual understanding that something of value will be exchanged for committing a murder")

United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003) (defendant argued that the interstate mailings could not support his murder-for-hire conviction because the letters "contained no mention of remuneration and preceded the phone conversations in which payment for the murders was discussed"; the 7th Circuit rejected this argument, reasoning that "§ 1958 does not require that the mailings themselves prove all the essential elements of the crime, only that they be used 'with intent that a murder-for-hire be committed'").

United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990) (§ 1958 does not require contract to exist and consideration be provided at time of interstate travel, so long as travel commenced for purpose of facilitating the murder-for-hire).

United States v. McCullah, 76 F.3d 1087, 1104 (10th Cir.1996) (upholding murder-for-hire conviction where defendant did not know of murder plan at time of interstate travel, but his co-defendants had planned a murder-for-hire and intended that defendant's interstate travel facilitate their murder scheme).

**Proposed Jury Instruction**

**Intent that Murder be Committed**

With respect to the second element, the government must prove that Andrew Gordon used the facility of interstate commerce with the intent to further or facilitate the commission of the murder of John Doe 1 and John Doe 2.  The government does not have to prove that the murder was committed or even that it was attempted.

United States v. Gilbert, 181 F.3d 152 (1st Cir.1999); United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003); United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990); 3 L. Sand, et al., Modern Federal Jury Instructions, ¶ 60.02, Form Instruction 60-16 (2001).

27

## Proposed Jury Instruction

## Pecuniary Value

With regard to the third element, the government must prove that Andrew Gordon intended that the murder of John Doe 1 and John Doe 2 be committed in exchange for the receipt of or a promise to pay anything of pecuniary value, such as money.

The statute does not require that more than one person share the intent that the murder of John Doe 1 and John Doe 2 be committed in exchange for the payment of something of pecuniary value. That is, it is sufficient if Andrew Gordon intended that the murder of John Doe 1 and John Doe 2 be committed in exchange for the payment of something of pecuniary value, regardless of whether another person actually intend to kill John Doe 1 and John Doe 2.

United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990) (rejecting argument that the murder-for-hire statute contemplates participation by at least two persons, reasoning that the statute "allows a conviction if the government proves that a defendant traveled in interstate commerce with the intent that a contract murder be committed").

28

## Proposed Jury Instruction

### Pecuniary Value

As previously noted, the statute does not require that the agreement to pay something of pecuniary value in exchange for the murder exist at the time that the interstate commerce facility was used to facilitate or further the murder.  That is, it is sufficient if the agreement to pay something of pecuniary value in exchange for the murder of John Doe 1 and John Doe 2 came before or after Andrew Gordon's use of an interstate commerce facility to further or assist commission of the murder.


United States v. Richeson, 338 F.3d 653, 659 (7th Cir.2003) (defendant argued that the interstate mailings could not support his murder-for-hire conviction because the letters "contained no mention of remuneration and preceded the phone conversations in which payment for the murders was discussed"; the 7th Circuit rejected this argument, reasoning that "§ 1958 does not require that the mailings themselves prove all the essential elements of the crime, only that they be used 'with intent that a murder-for-hire be committed'").

United States v. Ransbottom, 914 F.2d 743, 746 (6th Cir.1990) ("the statute gives no indication that the contract must be in existence and that the consideration must have been provided at the time of the travel").

United States v. McCullah, 76 F.3d 1087, 1104 (10th Cir.1996) (upholding murder-for-hire conviction where defendant did not know of murder plan at time of interstate travel, but his co-defendants had planned a murder-for-hire and intended that defendant's interstate travel facilitate their murder scheme).

29

**Proposed Instruction**

**Expert Witness**

You have heard expert testimony from law enforcement agents regarding the significance of certain evidence.  An expert is allowed to express is or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶7-21 (1990).  <u>E.g.</u>, <u>United States v. Castiello</u>, 915 F.2d 1, 4-5 (1st Cir. 1990) (DEA agent's testimony regarding meaningfulness of defendant's tape-recorded statements about prices helpful to jury and therefore proper); <u>United States v. Anguilo</u>, 847 F.2d 956, 975 (1st Cir. 1988) ("expert testimony of law enforcement officials concerning practices

30

of those engaged in organized criminal activity ... is often helpful
to the fact finder"),
cert. denied, 109 S. Ct. 314 (1989); United States v. Hoffman, 832
F.2d 1299, 1310 (1st Cir. 1987) (DEA agent may provide expert
testimony regarding meaning of words used by drug traffickers when
cryptically referring to cocaine); United States v. Hensel, 699 F.2d
18, 38 (1st Cir.) (DEA agent's testimony regarding methods of drug
smugglers may assist trier of facts, citing, among other cases,
United States v. Golden, 532 F.2d 1244, 1247-48 (9th Cir.) (DEA agent
testifies about the price of drugs), cert. denied, 461 U.S. 958
(1983); United States v. Pugliese, 712 F.2d 1574, 1581-1582 (2nd Cir.
1983) (quantity and purity and cost of heroin used by addicts on
street assisted jury in understanding the magnitude of a purchase
of one ounce of heroin with the purity of 90 percent and thereby shed
light on defendants' intent).

**Proposed Instruction**

**Submitting the Indictment**

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crime which the defendant is charged with committing.  You are reminded, however, that the indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990)

**Proposed Instruction**

**Punishment**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1 (1990).

33

**Proposed Instruction**

**Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.   You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.   Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

34

**Proposed Instruction**

**Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.   However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**Proposed Instruction**

**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

conscientious determination.   Do not surrender an honest conviction

as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

37

**Proposed Instruction**

**Return of Verdict Form**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**Proposed Instruction**

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

/s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney