UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  15-10117-PBS |
| | ) | |
| | ) | |
| ANDREW GORDON | ) | |

**DEFENDANT'S MOTION RE: VOIR DIRE**

Now comes the defendant in the above-named case and respectfully moves, pursuant to his constitutional rights to a fair and impartial jury, that all prospective jurors be examined individually to determine whether said jurors stand indifferent to the case, and that counsel be permitted to ask questions on certain topics as limited by the Court.

The defendant suggests the following topics be raised with the venire by counsel, or in the alternative by questioning by the Court.

1.  (a) Each defendant comes before the Court presumed to be innocent.  That presumption means that the defendant is to be regarded by you as innocent unless and until the prosecution proves beyond a reasonable doubt that he is guilty of any charge.  The burden is never on the defendant to prove anything or present any evidence in Court.  Do you understand and agree to follow these rules of law as a juror in this case?

(b)  The burden on the prosecution in every criminal case is to prove every element of the crime beyond a reasonable doubt.  This is a much higher standard of persuasion than in a civil case, where the party with the burden of proof is required to prove his case by a fair preponderance of the evidence.  The reasonable doubt standard is crucial to the American system of criminal procedure - we utilize it because the defendant has at stake an interest of such immense importance that we must reduce to the utmost

minimum the risk of a conviction resting on factual error.  Do you understand and agree to apply this standard of proof as a juror in this case?

   (c) The defendant has a constitutional right not to testify and no inference of any kind may be drawn from the fact that defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.  Do you understand and agree to apply this standard of proof as a juror in this case?

  2.  Have you heard, read or seen anything about this case and if so what stands out in your mind?

  3.  How much time do you spend, on average, in a given week following local news coverage?

  4.  Have you or any of your close friends or member of your family been a victim of domestic violence?  How would this experience affect you if you were to serve on the jury in this case?

  5.  Have you or any of your close friends or member of your family been involved with a restraining order?  How would this experience affect you if you were to serve on the jury in this case?

  6.  Would you tend to believe the testimony of a police officer over that of a civilian witness?

  7.  Have you, any family members or close friends ever worked for or been connected with, any law enforcement agencies?  If yes, who and what agency(ies)?

  8.  Do you belong to or associate with any group(s) which has crime prevention or law enforcement as a goal (i.e., Crime Stoppers, Neighborhood Crime Watch, etc.)?  If yes, which group(s)?

9. Have you or any family members ever belonged to, or supported the work of, any organization which represents victim's rights or any victim's assistance program(s)? If yes, who, what groups and what did this person do?

10. Do you know any Massachusetts State Police Officer? If yes, who do you know and how do you know this person?

11. Would you describe what you do at work?

Respectfully submitted,
By his attorney,

/s/ Robert Sheketoff
Robert Sheketoff
BBO# 457340
One McKinley Square
Boston, MA 02119
(617) 367-3449

**CERTIFICATE OF SERVICE**

I, Robert Sheketoff, hereby certify that this document filed through the ECF system on January 26, 2016 will be sent electronically to the registered participants.

/s/ Robert Sheketoff
Robert Sheketoff