UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  15-10117-PBS |
| | ) | |
| | ) | |
| ANDREW GORDON | ) | |

**DEFENDANT'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant Andrew Gordon and respectfully moves this Honorable Court to dismiss each count of the superseding indictment on the grounds that since the government has misconstrued the appropriate unit of prosecution, said counts are both duplicitous and multiplicitous.

The rule against multiplicitous prosecutions is grounded in the Double Jeopardy Clause, which "protects against multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980).  When an indictment includes multiple counts charging a violation of the same statutory provision and a claim of multiplicity is raised, an inquiring court must determine whether the facts undergirding each count can be treated as a distinct unit of prosecution.  A prosecution is multiplicitous when the government charges a defendant twice for what is essentially a single crime; for example, when a felon has violated 18 U.S.C. § 922(g) by possessing a firearm, it would be multiplicitous to charge the felon with two counts simply because he had it yesterday and today. See *United States v. Chiaradio,* 684 F.3d 265 (1st Cir. 2012).  The critical inquiry is whether Congress intended to punish each statutory violation separately. *Jeffers v. United States*, 432 U.S. 137, 155 (1977).

In the case at bar the defendant has been charged with several violations of the federal murder-for-hire statute, 18 U.S.C. § 1958, which provides in pertinent part:

(a) Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

The government obviously believed that each time an instrument of interstate commerce was employed another violation of the statute occurred whether or not such use was simply a preliminary step in the exact same plot. See *United States v. Ng*, 26 Fed. Appx. 452 (6th Cir. 2001). It is the defendant's position that the statute is intended to punish, as a unit of prosecution, the hiring of someone to kill another person. The statute focuses on the plan to murder and its consequences. The more successful the plan, the greater the penalty imposed. It makes little sense to expose a defendant who does not harm his intended victim to the same maximum penalty if he uses the phone twice as a defendant who seriously injures his intended victim but only uses the phone once.

The element of interstate travel or use of facilities of interstate commerce is nothing more than a jurisdictional requirement, not the gravamen of the offense. The

Senate Report specifically cites the example of an interstate telephone call as a basis for federal jurisdiction. S. Rep. 225 at 306 n.5.  The fact that a call was incidental to the scheme does not matter, so long as the interstate phone call facilitated the crime. See *United States v. Jones*, 642 F.2d 909, 913 (5th Cir. 1981).  The government is not required to prove that a defendant intended or knew that the mails or any other facility of interstate commerce would be used or that interstate travel would occur. *United States v. Edelman*, 873 F.2d 791, 794-95 (5th Cir. 1989). Rather, a defendant must use or cause another to use such a facility with the intent that a murder be committed. *See United States v. Winter*, 33 F.3d 720, 721 (6th Cir. 1994).   The unit of prosecution intended by Congress was the plot to kill.

There is no inflexible rule that the exclusive remedy for multiplicitous counts is election between them. See *Ball v. United States*, 470 U.S. 856, 864 (1985). Requiring election is one option, but not the only option; a court may vacate the multiplicitous convictions (should the jury return more than one guilty verdict) as to all but one count, essentially merging the offending counts.  But the problem here is that each count is also duplicitous.  Given that the appropriate unit of prosecution is the plan to murder a person, each such plan belongs in a separate count.

Duplicity is the joining in a single count of two or more distinct and separate offenses. *United States v. Verrechia*, 196 F.3d 294, 297 (1st Cir. 1999), quoting *United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir. 1979).  "Although other factors are involved, the prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous

verdict on the commission of any particular offense." *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir.1995).

In the circumstances here, the indictment should be dismissed.

Respectfully submitted,
By his attorney,

/s/ Robert Sheketoff
Robert Sheketoff
BBO# 457340
One McKinley Square
Boston, MA 02119
(617) 367-3449

**CERTIFICATE OF SERVICE**

I, Robert Sheketoff, hereby certify that this document filed through the ECF system on February 4, 2016 will be sent electronically to the registered participants.

/s/ Robert Sheketoff
Robert Sheketoff